# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CONRAD,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOURI WALNUT GROUP, LLC, et al.,<br><br>Defendants. | No. 4:18-cv-00716-NKL |

## ORDER

Defendant Ecolab Inc., on behalf of Food Protection Services, L.L.C., moves to dismiss the claims by plaintiff Christopher Conrad for lack of personal jurisdiction. For the reasons discussed below, the Court concludes that it lacks personal jurisdiction over Ecolab and Food Protection Services, Inc. However, in lieu of dismissing this case, the Court transfers it to the District of Kansas—the district in which Conrad allegedly was injured.

## I. BACKGROUND

Conrad filed this action in state court in Jackson County, Missouri on July 27, 2018. He alleged "acute chemical poisoning" caused by exposure to fumes in Kansas City, Kansas. Defendant Missouri Walnut Group, LLC removed this case to federal court, asserting diversity jurisdiction. Missouri Walnut Group then sought to have this case transferred to the Southwestern Division of the United States District Court for the Western District of Missouri, and the Court granted the motion.

On January 8, 2019, the Court permitted Plaintiff to amend his complaint to add newly identified entities as defendants. Doc. 30. One of those new defendants, a contractor allegedly

involved with fumigation, was Food Protection Services. On March 11, 2019, Food Protection Services' corporate successor, Ecolab, filed an answer. Doc. 48.

On May 10, 2019, Ecolab filed the motion to dismiss for lack of personal jurisdiction.

II. **DISCUSSION**

   a. **Personal Jurisdiction**

Personal jurisdiction over a defendant may be specific, where the claim "arises out of or relates to the defendant's contacts with the forum"—or general, where the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quotation marks and citation omitted).

Ecolab asserts that it is not incorporated in Missouri and has no principal-place-of-business in Missouri; that, prior to Ecolab's acquisition of it, Food Protection Services was not organized under Missouri law and did not have its principal place of business in Missouri; that Conrad's claims against Ecolab arise out of activities that occurred in Kansas; and that Conrad himself is a lifelong resident of Kansas, although he lived in Missouri for a few months in late 2017 and early 2018. Suggestions in Support of Defendant Ecolab Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 62), p. 6; *see also* Doc. 61-6 (Declaration of Justin Moses).

Conrad argues that the Court has jurisdiction over Ecolab because Conrad resided in Missouri when he was injured, Ecolab's predecessor Food Protection Services may have contracted with its co-defendants in this case to fumigate lumber in Missouri, those contracts were administered in a co-defendant's principal office in Missouri, and currently there are 48 Ecolab-affiliated licenses active in Missouri. Conrad further argues that "[o]nly as discovery progresses can the scope, depth and percentage of Food Protections Services, LLC's Missouri contacts as to

2

its aggregate business be adequately assessed, including whether Defendant Food Protection Services, LLC was the fumigation applicator at the Neosho treatment facility." Doc. 65, p. 2.

There is no dispute that Conrad's alleged injury occurred in Kansas. Moreover, arrangements to perform the fumigation at issue were made through, and the applicator and technicians who performed the services were dispatched from, Food Protection Services' office in Kansas City, Kansas. Thus, this suit concerning Conrad's alleged injuries cannot be said to give rise to personal jurisdiction in Missouri. *See, e.g., Johnson v. Arden*, 614 F.3d 785, 795 (8th Cir. 2010) ("Specific jurisdiction is proper 'only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.'" (citation omitted)). The fact that Conrad resided in Missouri at the time of the incident does not suggest that Food Protection Services purposely directed its activities at Missouri. The Court thus lacks specific personal jurisdiction over Food Protection Services.

As for general jurisdiction, "only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, __ U.S. __, 137 S. Ct. 1773, 1780 (2017) (quotation marks and citation omitted). "The paradigm forums in which a corporate defendant is at home . . . are the corporation's place of incorporation and its principal place of business . . . ." *BNSF Ry. Co. v. Tyrrell*, __ U.S. __, 137 S. Ct. 1549, 1558 (2017) (quotation marks and citation omitted). Only in an "exceptional case" could "a corporate defendant's operations in another forum . . . be so substantial and of such a nature as to render the corporation at home in that State." *Id.* (quotation marks and citation omitted).

Neither Ecolab's nor Food Protection Services' place of incorporation nor principal place of business is in Missouri. Doc. 61-6, ¶ 5, Doc. 62, p .1. Therefore, for the Court to find that it has general jurisdiction over either entity, the contacts between the entity and Missouri would have to be "so substantial and of such a nature as to render [it] at home in that state." Conrad does not allege, let alone prove, substantial contacts between either company and Missouri. Even if Conrad's allegations regarding a contract with a Missouri-based co-defendant to fumigate lumber at one Missouri location and 48 active Ecolab-affiliated licenses in Missouri were to be supported by evidence, those contacts would not be so substantial as to rise to the level of a place of incorporation or principal place of business. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781 (noting that "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity" (quotation marks and citation omitted)); *see also Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) ("[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. . . . A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States. Nothing in *International Shoe* and its progeny suggests that a particular quantum of local activity should give a State authority over a far larger quantum of activity having no connection to any in-state activity." (quotation marks and citation omitted)). In light of the fact that the principal places of business and places of incorporation of both Ecolab and Food Protection Services are outside of Missouri, the Court cannot but conclude that it lacks jurisdiction over the two entities.

### b. Transfer

The conclusion that Ecolab and Food Protection Services are not subject to the Court's jurisdiction does not end the Court's analysis. Conrad suggests that a transfer of venue under 28 U.S. Code Section 1404 is appropriate and preferable to dismissal. Doc. 65 (Plaintiff's Answer to Defendant Food Protection Services, LLC's Motion to Dismiss for Lack of Personal Jurisdiction), pp. 2-3. Food Protection Services "agrees that the District of Kansas would be a more convenient forum," but argues that, because the Court lacks jurisdiction, "the proper procedural mechanism would be severance and transfer under 28 U.S.C. § 1631." Doc. 66 (Reply Suggestions in Support of Defendant Ecolab Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction), p. 7.

Section 1404 permits change of venue. However, at least two appellate courts have held that transfer under Section 1404 is not appropriate where personal jurisdiction is lacking in the court where the case was commenced. *Albion v. YMCA Camp Letts*, 171 F.3d 1, 2 (1st Cir. 1999) (holding that "transfer under § 1404(a) is clearly inappropriate" because the statute "is a codification of the doctrine of forum non conveniens," and "[a]s the Supreme Court has stated, 'the doctrine of forum non conveniens can never apply if there is absence of jurisdiction or mistake of venue.'" (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)); *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980) (holding that application of Section 1404(a) is limited "to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper"). District courts in the Eighth Circuit, however, have found transfer under Section 1404 appropriate where personal jurisdiction over a defendant was lacking. *See Williams v. GatherApp, Inc.*, No. 17-00572-DW, 2017 WL 11025324, at *2 n.2 (W.D. Mo. Sept. 26, 2017) ("The Court can transfer this case even assuming, arguendo, that it lacks personal jurisdiction over Defendant.") (citing *Jacobs Trading, LLC v. Am. Eagle Trading Grp.*, *LLC*, No. 16–0406, 2016 WL 5508805, at * 7 (D. Minn. Sept. 28, 2016) (recognizing that "courts around

5

the country have found transfer to be permissible where a court lacks personal jurisdiction over a defendant, whether under section 1404, 1406, or . . . section 1631")); *Blume v. Int'l Serv., Inc.*, No. 12-0165 DDN, 2012 WL 1957419, at * 3 (E.D. Mo. May 31, 2012) ("The court may transfer a case pursuant to 28 U.S.C. § 1404(a) even without personal jurisdiction over a defendant.")).

The Court need not decide whether Section 1404 permits transfer here because the parties have conceded that Section 1631 permits transfer. *See* Doc. 73 (Minute Entry from July 25, 2019 conference call). Section 1631 provides that a federal district court that "finds that there is a want of jurisdiction . . . shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631. The Court has concluded that personal jurisdiction over Ecolab and Food Protection Services is lacking. There is no dispute that the action could have been filed in the District of Kansas, where the alleged injury occurred. Moreover, the interests of justice weigh in favor of transfer of the case to the District of Kansas rather than dismissal of the claims against Food Protection Services. Both Conrad and Food Protection Services have requested a transfer, arguing that the District of Kansas would be a more convenient forum, and the other defendants do not object. Transfer of the entire case, rather than dismissal of the claims against Food Protection Services alone, or severance and transfer of the claims against Food Protection Services alone, is preferable because it will conserve both the parties' and the judiciary's resources and avoid the risk of inconsistent rulings.

## III. **CONCLUSION**

For the reasons discussed above, the Court DENIES the motion to dismiss and TRANSFERS the entire case to the District of Kansas.

/s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 5, 2018  
Jefferson City, Missouri